UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FLEMING ENDOWMENT, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. H-11-cv-04300 |
| | § | |
| MORGAN KEEGAN & COMPANY INC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

**I.   INTRODUCTION**

Before the Court is the plaintiff's, Fleming Endowment, motion to remand and memorandum in support thereof. (Dkt. Nos. 4 & 5). The defendant, Morgan Keegan & Company, Inc. ("Morgan Keegan") has filed a response in opposition to the plaintiff's motion. (Dkt. No. 7). After having carefully considered the parties' submissions, the record, and the applicable law, the Court determines that the plaintiff's motion to remand should be DENIED.

**II.   FACTUAL BACKGROUND**

In 2006, the plaintiff entered into a Client Agreement with Morgan Keegan. Included in the Client Agreement is an arbitration agreement, which provides as follows:

> 5. Arbitration
>
> This agreement contains a predispute arbitration clause. By signing an arbitration agreement, the parties agree as follows:
>
> a) All parties are giving up the right to sue each other in court, including the right to a trial by jury, except as provided by the rules of the arbitration forum in which a claim is filed.
> . . .
>
> g) The rules of the arbitration forum in which the claim is filed, and any amendments thereto, shall be incorporated into this agreement.

> You agree and, by accepting, opening or maintaining any account for you, Morgan Keegan agrees that all controversies between you and Morgan Keegan . . . which may arise from any account or for any cause whatsoever, shall be determined by arbitration.  Any arbitrations under this agreement shall be before the National Association of Securities Dealers, Inc. or the New York Stock Exchange, Inc., or any arbitration forum provided by any other securities exchange or organization of which Morgan Keegan is a member, and in accordance with the rules of such organization. . . .

(Dkt. No. 5, Ex. A ¶ 5.).

Subsequently, a dispute arose between the plaintiff and Morgan Keegan.  Pursuant to the terms of the parties' arbitration agreement, the plaintiff filed an arbitration claim against Morgan Keegan.  The parties agreed to arbitrate their dispute before the Financial Industry Regulatory Association (FINRA), formerly the National Association of Securities Dealers (NASD), and memorialized the terms thereof in a Submission Agreement.  (*Id.*, Exs. B &C.).  In accordance with their agreement, the parties agreed, *inter alia*,:  (1) to be bound by the FINRA rules and procedures; (2) that in the event a hearing is necessary, the hearing would be held at a time and place designated by the Director of Arbitration or the arbitrator(s); (3) that any such hearing would be conducted in accordance with the FINRA Code of Arbitration Procedure; (4) to abide by and perform any awards rendered pursuant to the Submission Agreement; (5) that "a judgment and any interest due thereon, may be entered upon such award(s)"; and (6) to "voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment." (*Id.*, Exs. B & C.)

An arbitration hearing was eventually held in Houston, Texas and an award was entered by the panel on November 14, 2011 in favor of the plaintiff in the amount of $889,340.00. (*Id.*, Ex. D.).  On November 16, 2011, the plaintiff commenced an action in the 190th Judicial District Court of Harris County, Texas seeking confirmation of the arbitration award as permitted by the

Federal Arbitration Act.[1]  Thereafter, Morgan Keegan removed the action to this Court on the basis of diversity jurisdiction.  The plaintiff now seeks to remand this action to state court, alleging that the parties' arbitration agreement expressly fixes venue for the confirmation proceeding in Houston, Texas and as such, confers jurisdiction in the Texas state courts.

## III. STANDARD OF REVIEW

The applicable statute provides two grounds for remand:  (1) a defect in removal procedure; and (2) lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Things Remembered, Inc. v. Petarca*, 516 U.S. 124, 127 - 28, 116 S. Ct. 494, 133 L.Ed.2d 461 (1995).  A remand for lack of subject matter jurisdiction is permissible at any time before final judgment, with or without a motion.  28 U.S.C. § 1447(c).

Pursuant to 28 U.S.C. § 1441(a), a defendant is permitted to remove an action from a state court to a federal court only if the action is one over which the federal court has original jurisdiction.  *See* 28 U.S.C. 1441(a).  Since federal courts are courts of limited jurisdiction, absent jurisdiction granted by statute, federal courts lack the power to adjudicate claims.  *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).  Thus, "[i]t is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman*, 138 F.3d at 151.  Further, the party seeking to invoke the jurisdiction of a

---

[1] Section 9 of the Federal Arbitration Act, provides, in relevant part, as follows:

> If the parties to an arbitration agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9

federal court carries the burden of establishing the existence of federal jurisdiction. *Id*. Any doubt as to the district court's jurisdiction must be resolved in favor of remand. *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 211 (5th Cir. 2002).

Federal subject matter jurisdiction is limited to cases that either "aris[e] under the Constitution, laws or treaties of the United States" or involve matters where the amount in controversy exceeds $75,000, exclusive of costs and interest, and diversity of citizenship exists. 28 U.S.C. § § 1331, 1332. When determining whether a claim "arises under" federal law, courts are to reference the well-pleaded complaint. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 -10 (1983)). In this regard, an action is said to "arise under" federal law within the meaning of § 1331, if a federal question is an ingredient of the action or when the allegations involve a disputed question of federal law or requires resolution of a substantial federal question. *See Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) (citing *Franchise Tax Bd.*, 463 U.S. at 12).

"[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813 (internal citations omitted). Likewise, "[b]ecause arising-under jurisdiction to hear a state-law claim always raises the possibility of upsetting the state-federal line drawn (or at least assumed) by Congress, the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005) (citing Merrell Dow, 478 U.S. at 810). Rather, the test turns on whether "[the] state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial,

which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314.

With regard to diversity jurisdiction, "the diversity statute requires 'complete diversity' of citizenship: A district court generally cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)). In analyzing whether diversity jurisdiction exists, however, a court may disregard the citizenship of nominal or formal parties who have no real interest in the dispute. *Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985) (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). The test for determining "[w]hether a party is [formal or] 'nominal' for removal purposes depends on whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable . . . ." *La. v. Union Oil Co. of Cal.*, 458 F.3d 364, 366 - 67 (5th Cir. 2006) (quoting *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (other internal quotations omitted)). Stated another way, "the test is whether or not a named party's 'role in the law suit is that of a depositary or stakeholder.'" *Union Oil Co. of Cal.*, 458 F.3d at 367 (quoting *Tri-Cities, Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir. 1970) (internal citations omitted). Nonetheless, the burden of establishing that removal was proper and that federal jurisdiction exists rests with the removing party. *Hummel v. Townsend*, 883 F.2d 367, 369 (5th Cir. 1989).

## IV.     ANALYSIS AND DISCUSSION

In this case, the plaintiff does not move for remand on the basis of a procedural defect in Morgan Keegan's removal procedure nor does it contend that diversity jurisdiction is non-existent.  Instead, it argues that remand here is appropriate because the parties agreed to arbitrate in Houston, Texas and, therefore, by consenting to the jurisdiction of the state of Texas, Morgan Keegan waived its right to remove the instant proceeding.  (Dkt. No. 5 at 6 - 7.)  More specifically, the plaintiff argues that "[b]ecause the case was arbitrated in Houston, Texas, the rules contained in Chapter 171 of the Texas Civil Practice & Remedies Code were incorporated into the parties' arbitration agreement and expressly fix venue for the proceeding to confirm or vacate the [arbitration] award in Houston, Texas and confer jurisdiction on the [s]tate [c]ourts of Texas."  (*Id.* at 2.)  As support for its position, the plaintiff cites the *Ensco* case.  *See Ensco Intern., Inc. v. Certain Underwriters at Lloyd's*, 579 F.3d 442, 448 - 49 (5th Cir. 2009).

This Court, however, finds the plaintiff's reliance on the *Ensco* case misplaced, as *Ensco* is readily distinguishable from the facts at bar.  Moreover, the Fifth Circuit, in *Ensco*, expressly stated that in order "[f]or a contractual clause to prevent a party from exercising its right to removal, the clause must give a 'clear and unequivocal' waiver of that right."  *Id.* at 443 – 44 (quoting *City of New Orleans v. Mun. Admin. Servs., Inc.,* 376 F.3d 501, 504 (5th Cir. 2004)).  It further reasoned that there are three means by which a party may invoke such a clear and unequivocal waiver:  "[1] by explicitly stating that it is doing so, [2] by allowing the other party the right to choose venue, or [3] by establishing an exclusive venue within the contract."  *Ensco*, 579 at 443 – 44 (quoting *New Orleans*, 376 at 504).  None of the aforementioned methods have been utilized here.

As previously set forth, § 9 of the Federal Arbitration Act, provides that "[i]f no court is specified in the [arbitration] agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made."  9 U.S.C. § 9. Here, it is undisputed that the parties, by way of their Submission Agreement, expressly agreed "that a judgment and any interest due thereon, may be entered upon [an arbitration] award(s) and . . . "voluntarily consent[ed] to submit to the *jurisdiction of any court of competent jurisdiction* which may properly enter such judgment."  (Dkt. No. 5, Ex. B.) (emphasis added).  Indeed, the contractual language contained in the parties' arbitration agreement specifies no court and does not compel the conclusion that "exclusive" venue for the confirmation of any arbitration award obtained by the parties resides in any Texas state court.  Accordingly, this Court, having found that Morgan Keegan manifested no clear and unequivocal waiver of its removal right by way of its acquiesce to the terms of the parties' arbitration agreement, deems remand unwarranted. Because the parties are of diverse citizenship, the amount in controversy exceeds $75,000, and the parties' arbitration agreement specifies no court, this Court has jurisdiction to hear the plaintiff's application to confirm the arbitration award.  9 U.S.C. § 9.

**V.    CONCLUSION**

Based on the foregoing, the plaintiff's motion to remand is DENIED.

It is so **ORDERED**.

SIGNED at Houston, Texas this 25th day of September, 2012.

_____
Kenneth M. Hoyt
United States District Judge